IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, CHIEF JUDGE

Civil Case No.  04-CV-00344-LTB-CBS

US FAX LAW CENTER, INC.,
a Colorado corporation,

       Plaintiff,

v.

IHIRE, INC., *n/k/a* VALUE ASSET LEASING, INC.,
a Maryland corporation, *et al.*,

       Defendants.

_____

MEMORANDUM OPINION AND ORDER
_____

Babcock, C.J.

       Plaintiff, US Fax Law Center ("Plaintiff" or "USFLC"), an "assignee," alleges that Defendants iHire and persons employed by or otherwise related to iHire ("Defendants") sent 143 "junk faxes" to various commercial entities, "assignors," in violation of both the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Colorado Consumer Protection Act ("CCPA"), C.R.S. § 6-1-101 *et seq.* Plaintiff also brings Colorado common-law claims for invasion of privacy, negligence, trespass, and conversion, all based on the same facts underlying the TCPA/CCPA claims.

       In my Order of March 28, 2005, *US Fax Law Ctr., Inc. v. iHire, Inc.*, 362 F. Supp.2d 1248 (D. Colo. 2005) ("*iHire*") (supplemented by a second Order, *US Fax Law Ctr., Inc. v. iHire, Inc.* 2005 WL 1405503 (D. Colo. 2005)), I dismissed Plaintiff's TCPA and invasion-of-

privacy claims.

Plaintiff seeks statutory damages in the amount of $151,0000, plus an additional amount of three times the statutory damages to the extent that willful, knowing, and/or bad-faith violations are shown, plus attorney fees, for a total of $478,000 plus costs. It does not seek actual damages of any kind.

Defendants move for summary judgment and for Rule 12(b)(6) dismissal on the remaining common-law claims and on the CCPA claim. For the following reasons, I grant the motion.

## I. Law

### A. Summary Judgment

The purpose of a summary judgment motion is to assess whether trial is necessary. *White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). I shall grant summary judgment if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-moving party has the burden of showing that there are issues of material fact to be determined. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A party seeking summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, interrogatories, and admissions on file together with affidavits, if any, which it believes demonstrate the absence of genuine issues for trial. *Id.* at 323; *Mares v. ConAgra Poultry Co.*, 971 F.2d 492, 494 (10th Cir. 1992). Once a

properly supported summary judgment motion is made, the opposing party may not rest on the allegations contained in his complaint, but must respond with specific facts showing the existence of a genuine factual issue to be tried. *Otteson v. United States*, 622 F.2d 516, 519 (10th Cir. 1980); Fed. R. Civ. P. 56(e).  These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the pleadings themselves." *Celotex* at 324.

If a reasonable juror could not return a verdict for the non-moving party, summary judgment is proper and there is no need for a trial. *Id.* at 323.  The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. *Liberty Lobby,* 477 U.S. at 250.  However, I should not enter summary judgment if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party. *Id.* at 252; *Mares* at 494.  Moreover, a court may not consider "evidence" that is merely hearsay or general opinions unsupported by fact. *Gross v. Burggraf Constr. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995).

**Rule 12(b)(6)**

Under Fed. R. Civ. P. 12(b)(6), a district court may dismiss a complaint for failure to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  If the plaintiff has pled facts that would support a legally cognizable claim for relief, a motion to dismiss should be denied. *See id.*  In evaluating a 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah*

*State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

Fed. R. Civ. P. 12(b)(6) does not provide a procedure for resolving a contest about the facts or the merits of the case. Thus, one must read Fed. R. Civ. P. 12(b)(6) in conjunction with Fed. R. Civ. P 8(a), which sets forth the requirements for pleading a claim in federal court. Federal R. Civ. P 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement need not contain detailed facts, but it must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley* at 47. A plaintiff is not required to state precisely each element of the claim. *See* 5 Charles A. Wright and Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1216, at 154-59 (1990). Nonetheless, a plaintiff must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988).

## II. Discussion

### A. Undisputed Facts

Each of Plaintiff's claims stem from the same facts. Plaintiff alleges Defendants sent unsolicited fax advertisements to 28 third parties located in Colorado, Michigan, and Arizona. The third parties assigned all their rights in the faxes to Plaintiff. Plaintiff contends it has standing to assert its claims against Defendants as an assignee.

Plaintiff has never received any of the faxes that form the basis of the claims asserted in the Amended Complaint. *See* Amended Complaint, Defendants' Ex. A, ¶¶ 8, 12. Plaintiff's sole basis for standing is an assignee. *See id.* Plaintiff does not seek to recover any actual damages for any of the claims asserted in this action. *See id.* at 18-19; Dfdts' Ex. B at 3

(Plaintiff's Rule 26(a)(1) disclosures); Dfdts' Ex. C at 13 (Plaintiff's responses to Defendant iHire's First Set of Discovery Requests; responses to Interrogatories 18 and 19: "Plaintiff seeks only statutory damages as provided by the U.S. Congress."). The sole damages that Plaintiff seeks to recover in this action are statutory damages identified in the TCPA and CCPA, including $500 for each alleged violation of the TCPA, and treble damages. *See* Dfdts' Ex. A at 18-19; Dfdts' Ex. B at 3; Dfdts' Ex. C. at 13.

## B. Common-law Claims

I begin with the common-law claims by noting that Plaintiff, in its response to this motion, does not discuss them. It states: "[t]he parties have agreed in principal to a stipulation for dismissal with prejudice of the remaining common[-] law claims of negligence, conversion[,] and trespass, as a means of simplifying the litigation . . . . It is anticipated that this stipulation will be submitted to the Court for its approval within the next ten (10) days. In light of the anticipated dismissal, the arguments raised by Defendants concerning the common[-] law claims would be moot and Plaintiff will not address those issues in its response." Response at 2.

The Court has not received a stipulated motion to dismiss the common-law claims. Therefore, I do not consider them moot.

### 1. Negligence

A cause of action for negligence in the state of Colorado cannot be established without actual loss or damage. *See Bayly, Martin & Fay, Inc. v. Pete's Satire, Inc.*, 739 P.2d 239, 242 (Colo. 1987) (fourth element is "actual loss or damage resulting to the interests of the plaintiff"). Plaintiff bears the burden of proving the elements of negligence by a preponderance of the evidence. *Id.* Plaintiff has not alleged and cannot prove that either it or its assignors suffered an

actual loss or injury as the result of actions about which Plaintiff complains. Plaintiff has admitted there are no actual damages, and has admitted the only damages it seeks are statutory, expressly permitted under the TCPA instead of actual damages. *See* 47 U.S.C. § 227. Therefore, Plaintiff's negligence claim fails both because there is no genuine issue of material fact as to the existence of actual damages under Rule 56 and because Plaintiff has failed to state a negligence claim under Rule 12(b)(6). Therefore, I dismiss the negligence claim.

### 2. Conversion

Similarly, in order to establish a claim for conversion, a plaintiff must show it suffered some actual injury or damages stemming from converted property. *See Culpepper v. Pearl St. Bldg., Inc.*, 877 P.2d 877, 881 n. 6 (Colo. 1994). Plaintiff fails to allege that actual or nominal damages have been incurred as a result of conversion of personal property. It alleges only that "[v]iolation of the TCPA and the CCPA . . . constitutes negligence. [And,] [t]he conduct of iHire constitutes . . . conversion of personal property of the Plaintiff's assignors"; "Plaintiff's Assignors have been damaged by . . . Defendant iHire's violations of the aforesaid statutes"; and "[t]he facts establishing the elements [for the common-law claims] . . . are the same facts that establish Defendant iHire's violations of the TCPA and CCPA." *See* Dfdts' Ex. A. at 17. Plaintiff makes no claim for actual or nominal damages relating to its conversion claim and admits that it is not seeking such damages. Therefore, under Rules 56 and 12(b)(6), I dismiss the conversion claim.

### 3. Trespass

Finally, to establish a cause of action in trespass to a chattel in Colorado, there must be an intentional interference with the possession or physical condition of a chattel in possession of

another. *See Mountain States Tel. & Tel. Co. v. Horn Tower Constr. Co.*, 363 P.2d 175, 177 (Colo. 1961) (referencing Restatement (Second) of Torts § 218: liability can only be established if a defendant impaired the condition, quality or value of a chattel, or deprived the possessor of a chattel of its use for a substantial time, or caused harm to a thing in which the possessor had a legally protected interest). Plaintiff has failed to "set forth factual allegations, either direct or inferential, respecting each material element [of conversion] necessary to sustain recovery. . . ." *Gooley*, 851 F.2d at 515. Therefore, I dismiss the conversion claim under Rule 12(b)(6).

**C. Colorado Consumer Protection Act**

Plaintiff relies on the Colorado Consumer Protection Act as its basis for standing as an assignee in this case. The provisions of the CCPA on which it relies mirror the TCPA and provide that a violation of the TCPA is also a violation of the CCPA. *See* C.R.S. § 6-1-702.

Defendants contend that claims under the CCPA are not assignable because the statute is penal in nature. I concluded this was true for the TCPA claim in this case. *See iHire, Inc.*, 362 F. Supp.2d 1248. As I stated in *iHire*, generally, the right to recover a penalty is not assignable in the absence of express statutory language to the contrary because the assignability of such claims encourages litigation. *See* 36 Am Jur.2d, Forfeitures and Penalties § 56. This has been acknowledged by the Colorado Supreme Court. *See Credit Men's Adjustment Co. v. Vickery*, 62 Colo. 214, 218 (Colo. 1916). The CCPA–like the TCPA–does not contain express language to the contrary.

Colorado courts have variously referred to the CCPA as either remedial or penal, depending on the relief sought under the facts of the particular case. *See*, *e.g.*, *Coors v. Sec. Life of Denver Ins. Co.*, 91 P.3d 393, 398 (Colo. Ct. App. 2003). Colorado courts have also observed

that the CCPA is "intended to deter and punish deceptive trade practices." This clearly suggests the penal nature of the statute where the relief sought is penal. *See*, *e.g.*, *id.* Plaintiff seeks statutory penalties only and no actual damages under a CCPA section modeled after the TCPA, which authorizes statutory penalties. *See* C.R.S. § 6-1-702. And statutory penalties are not assignable in Colorado. *See Credit Men's Adjustment Co. v. Vickery*, 161 P. 297, 299 (Colo. 1916). Therefore, I employ the same four-part Colorado Supreme Court test I applied in *iHire* to determine whether the CCPA is penal in nature. *See Palmer v. A.H. Robins Co.*, 684 P.2d 187, 214 (Colo. 1984). This then determines whether the CCPA claim is assignable under the circumstances here.

First, to be penal, a statute must create a new and distinct statutory cause of action. *Id.* Here, the CCPA creates a new and distinct cause of action; before the statute, "junk faxes" were a legitimate advertising strategy. Now, under the statue, a recipient of an unsolicited fax advertisement can sue the sender for $500 per violation. *See* C.R.S. § 6-1-113(2)(a); § 6-1-702.

Second, the statute must require no proof of actual damages as a condition precedent to recovery. *Palmer* at 214. Based on the express language of the CCPA, it requires no proof of actual damages. *See* C.R.S. § 6-1-113(2)(a). A recipient of an unwanted fax has the right to file a claim for monetary damages in the absence of alleging or proving damages.

Third, the statute must impose a penalty in excess of actual damages. *See Carlson v. McCoy*, 566 P.2d 1073, 1074 (Colo. 1977). The CCPA imposes a penalty in excess of actual damages. Recipients of the unsolicited faxes may recover $500 for each fax that violates the statute. *See* C.R.S. § 6-1-113(2)(a). This is much more than, as Defendants put it, the "two and one-half cents" cost of one page of fax paper.

Finally, the statute must serve a public interest "through [a] deterrent effect" by the damages awarded. *McCoy* at 1075. Colorado courts have long held that the CCPA was enacted to address public harm caused by deceptive trade practices. *See Western Flood Plan, Inc. v. District Court of Denver*, 598 P.2d 1038, 1041 (Colo. 1979). I conclude that as applied here the CCPA is penal in nature. This is a distinct reason why the CCPA claim cannot be assigned.

There is another reason the CCPA claims cannot be assigned. In 1999, the Colorado legislature enacted amendments to the CCPA that narrowly limit the class of persons entitled to sue under its provisions. *See* C.R.S. § 6-1-113(1). Plaintiff falls into none of those classes.

Generally, in order to state a CCPA claim, a plaintiff must allege as one of the elements that he suffered injury in fact to a legally protected interest and that the defendant's actions in violation of the CCPA were the cause of the plaintiff's injury. *See Dean Witter Reynolds Inc. v. Variable Annuity Life Ins. Co.*, 373 F.3d 1100 (10th Cir. 2004). In the Amended Complaint, Plaintiff fails to allege that it suffered actual injury or that Defendants caused Plaintiff's injury. Instead it alleges its assignors have suffered injury caused by Defendants.

Under the CCPA, "[a]n action under this section shall be available to any person who:

a) Is an actual or potential consumer of the defendant's goods, services or property and is injured as a result of such deceptive trade practice, or is a residential subscriber, or as defined in section 6-1-903(9), who receives unlawful telephone solicitation, as defined in 6-1-903(10); or

b) *Is any successor in interest to an actual consumer who purchased the defendant's goods, services or property*; or

c) In the course of the person's business or occupation, is injured as a result of such deceptive trade practice.

C.R.S. § 6-1-113(1) (emphasis added). The fact that the General Assembly referenced "a successor in interest" only in subsection (b) is significant. It demonstrates that the General

9

Assembly considered whether anyone other than an actual consumer should be able to bring a CCPA claim and decided that only a successor (or an assignee) to an actual *consumer* who *purchased* defendant's goods, services, or property is authorized to bring a claim. The assignors in this case were not actual consumers who purchased any good, service, or property provided by Defendants. And neither is Plaintiff an actual consumer or purchaser of Defendants' goods, services, or property, or a residential telephone subscriber under subsection (a), or a party injured in the course of its business due to Defendants' allegedly deceptive trade practices under subsection (c).

For these reasons, I conclude that the CCPA claim brought by Plaintiff is not assignable as a matter of law. Therefore, Plaintiff neither has standing to bring the claim nor is the real party in interest. The claim is dismissed.

ACCORDINGLY, IT IS ORDERED THAT:

1) DEFENDANTS' joint motion for summary judgment and motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED.

2) PLAINTIFF's common-law claims for negligence, trespass, and conversion are DISMISSED;

3) PLAINTIFF's Colorado Consumer Protection Act claim is DISMISSED;

4) All remaining motions are DENIED AS MOOT;

5) The case is DISMISSED;

6) DEFENDANTS are awarded costs; and

7) The Clerk of the Court SHALL ENTER JUDGMENT accordingly.

DATED: June  22 , 2005, in Denver, Colorado.    BY THE COURT:

   s/Lewis T. Babcock
Lewis T. Babcock, Chief Judge