# United States Court of Appeals for the Tenth Circuit

**OFFICE OF THE CLERK**

Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Elisabeth A. Shumaker
Clerk of Court

Douglas E. Cressier
Chief Deputy Clerk

**F I L E D**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 16 2007

March 16, 2007

GREGORY C. LANGHAM
CLERK

Mr. Gregory C. Langham
Clerk
United States District Court for the District of Colorado
Alfred A. Arraj United States Courthouse
Room A105
901 19th Street
Denver, CO 80294-3589


        Re:     05-1325, USA Fax Law Center v. iHire, Inc.
                Dist/Ag docket:  04-B-344(CBS)


Dear Mr. Langham:

     Enclosed are a certified copy of the judgment and a copy of
the opinion filed in this case which are issued as the mandate of
this court.  See Fed. R. App. P. 41(a).  Please file it in records of
your court or agency.


     Please contact this office if you have questions.

                              Sincerely,

                              Elisabeth A. Shumaker
                              Clerk, Court of Appeals


                              By:
                                  Deputy Clerk

clk:jmm

cc:
     Frank J. Ball
     Andrew L. Quiat
     Brandee L. Caswell
     Agim M. Demirali

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

---

US FAX LAW CENTER, INC., a
Colorado corporation,

      Plaintiff - Appellant,

v.

IHIRE, INC., n/k/a Value Asset Leasing,
Inc., a Maryland corporation; IHIRE,
LLC, a Delaware limited liability
company; DAVID MACFADYEN,
individually and in his official capacity as
President and CEO of iHire, n/k/a Value
Asset Leasing, Inc.; DONALD
MACFADYEN, individually and in his
official capacity as a Director of iHire,
n/k/a/ Value Asset Leasing, Inc.; JASON
MACFADYEN, individually and in his
official capacity as a Director of iHire,
n/k/a Value Asset Leasing, Inc.; MELVIN
COURSEY, individually; MEGAN
COURSEY, individually; R. J.
FRIEDLANDER, individually; MACK
FRIEDLANDER, individually; KATIE
FRIEDLANDER, individually; LAURIE
BRYAN, individually; ALANA
CRAFT-DENTON,  individually; ERIC
HARTMAN, individually; DAWN BAIR,
individually; RICHARD MCINYRE,
individually; BERNARD HOFFMAN,
individually; LOMA HOFFMAN,
individually; MALORY FACTOR,
individually; ERIC VON HIPPEL,
individually; GREG WILLIAMS,
individually; SHAWN PARKER,
individually; RON GOLDBERG,
individually; JOHN ESTEP, individually;
BUTCH FISHER, individually; JANINE

*04-cv-00344*

No. 05-1325

A true copy
Teste
Elisabeth A. Shumaker
Clerk, U.S. Court of
Appeals, Tenth Circuit
By

RATHBURN, individually,

      Defendants - Appellees.

---

CONSUMER CRUSADE, INC., a
Colorado corporation,

      Plaintiff - Appellant,

v.

SUNBELT COMMUNICATIONS AND
MARKETING, LLC, a Nevada limited
liability company; LARA L.
HORNE-ALBRECHT, its officers and
directors,

      Defendants - Appellees.

No. 05-1441

---

CONSUMER CRUSADE, INC., a
Colorado corporation,

      Plaintiff - Appellant,

v.

SCIENTIFIC RESEARCH GROUP,
INC., a Florida corporation; BRIAN
MCCLINTOCK, its officer(s) and
director(s),

      Defendants - Appellees.

No. 05-1447

---

CONSUMER CRUSADE, INC., a
Colorado corporation,

      Plaintiff - Appellant,

No. 05-1465

2

v.

AVALONA COMMUNICATIONS, a
Florida corporation, doing business as
Stockreporters.com,; PETER
EMMANUEL, its officers and directors,

      Defendants - Appellees.

---

CONSUMER CRUSADE, INC., a
Colorado corporation,

      Plaintiff - Appellant,

v.

LIVE LEADS CORPORATION, a
California corporation; JUSTIN
SNYDER, its Officer and Director,

      Defendants - Appellees.

No. 05-1521

---

CONSUMER CRUSADE, INC., a
Colorado corporation,

      Plaintiff - Appellant,

v.

IHIRE, LLC, a Delaware limited liability
company; DAVID MACFADYEN, its
officer(s) and Director(s),

      Defendants - Appellees.

No. 05-1523

3

## JUDGMENT

Filed February 7, 2007

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

This case originated in the District of Colorado and was argued by counsel.

The judgment of that court is affirmed.

Entered for the Court
ELISABETH A. SHUMAKER, Clerk

by:
Deputy Clerk

4

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

PUBLISH

**February 7, 2007**

**UNITED STATES COURT OF APPEALS**

**Elisabeth A. Shumaker**
**Clerk of Court**

**TENTH CIRCUIT**

US FAX LAW CENTER, INC., a
Colorado corporation,

     Plaintiff - Appellant,

v.

IHIRE, INC., n/k/a Value Asset
Leasing, Inc., a Maryland
corporation; IHIRE, LLC, a Delaware
limited liability company; DAVID
MACFADYEN, individually and in
his official capacity as President and
CEO of iHire, n/k/a Value Asset
Leasing, Inc.; DONALD
MACFADYEN, individually and in
his official capacity as a Director of
iHire, n/k/a/ Value Asset Leasing,
Inc.; JASON MACFADYEN,
individually and in his official
capacity as a Director of iHire, n/k/a
Value Asset Leasing, Inc.; MELVIN
COURSEY, individually; MEGAN
COURSEY, individually; R. J.
FRIEDLANDER, individually;
MACK FRIEDLANDER,
individually; KATIE
FRIEDLANDER, individually;
LAURIE BRYAN, individually;
ALANA CRAFT-DENTON,
individually; ERIC HARTMAN,
individually; DAWN BAIR,
individually; RICHARD MCINYRE,
individually; BERNARD

No. 05-1325

HOFFMAN, individually; LOMA
HOFFMAN, individually; MALORY
FACTOR, individually; ERIC VON
HIPPEL, individually; GREG
WILLIAMS, individually; SHAWN
PARKER, individually; RON
GOLDBERG, individually; JOHN
ESTEP, individually; BUTCH
FISHER, individually; JANINE
RATHBURN, individually,

       Defendants - Appellees.

---

CONSUMER CRUSADE, INC., a
Colorado corporation,

       Plaintiff - Appellant,

v.

SUNBELT COMMUNICATIONS
AND MARKETING, LLC, a Nevada
limited liability company; LARA L.
HORNE-ALBRECHT, its officers
and directors,

       Defendants - Appellees.

No. 05-1441

---

CONSUMER CRUSADE, INC., a
Colorado corporation,

       Plaintiff - Appellant,

v.

SCIENTIFIC RESEARCH GROUP,
INC., a Florida corporation; BRIAN
MCCLINTOCK, its officer(s) and
director(s),

No. 05-1447

Defendants - Appellees.

CONSUMER CRUSADE, INC., a
Colorado corporation,

       Plaintiff - Appellant,

                                   No. 05-1465

v.

AVALONA COMMUNICATIONS, a
Florida corporation, doing business
as Stockreporters.com,; PETER
EMMANUEL, its officers and
directors,

       Defendants - Appellees.

CONSUMER CRUSADE, INC., a
Colorado corporation,

       Plaintiff - Appellant,

                                   No. 05-1521

v.

LIVE LEADS CORPORATION, a
California corporation; JUSTIN
SNYDER, its Officer and Director,

       Defendants - Appellees.

CONSUMER CRUSADE, INC., a
Colorado corporation,

       Plaintiff - Appellant,                No. 05-1523

v.

-3-

IHIRE, LLC, a Delaware limited
liability company; DAVID
MACFADYEN, its officer(s) and
Director(s),

           Defendants - Appellees.

---

## APPEAL FROM THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### (04-B-344(CBS), 05-CV-322-LTB, 05-CV-220(PSF/CBS), 05-CV-237-LTB
### 05-B-219, 05-CV-00210 LTB)

---

Andrew L. Quiat, General Counsel, U.S. Fax Law Center, Inc., Centennial,
Colorado, (Frank J. Ball and Stephen S. Allen, Law Offices of Frank J. Ball,
Greenwood Village, Colorado, with him on the briefs), for Plaintiff - Appellant
U.S. Fax Law Center, Inc.

Agim M. Demirali, The Demirali Law Firm, P.C., Denver, Colorado, for Plaintiff
- Appellant Consumer Crusade, Inc.

Brandee L. Caswell, (Natalie M. Hanlon-Leh and Jennifer T.K. Harrison, on the
briefs), Faegre & Benson, L.L.P., Denver, Colorado, for Defendants - Appellees
IHIRE, LLC, David MacFadyen and Lara L. Horne-Albrecht.

Douglas A. Turner, Golden, Colorado, for Defendant - Appellee Avalona
Communications and Peter Emmanuel.

---

Before, **KELLY, McKAY,** and **BRISCOE**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

-4-

Plaintiff-Appellant US Fax Law Center, Inc. and Plaintiff-Appellant Consumer Crusade, Inc. (collectively "Plaintiffs") filed six separate lawsuits in federal district court seeking damages for unsolicited faxes under the Telephone Consumer Protection Act (TCPA). In different orders issued by different judges, all six suits were dismissed based on lack of jurisdiction, lack of standing, or both. The Plaintiffs now challenge the underlying judgments, asserting that there is diversity jurisdiction over the TCPA claims and that they have representational standing. We consolidated the cases for oral argument and now resolve them in this opinion. Our jurisdiction arises under 28 U.S.C. § 1291, and we affirm the various judgments of dismissal based on the Plaintiffs' lack of standing while rejecting the rationale that diversity jurisdiction is unavailable for these claims.

## Background

Plaintiffs aggregate claims from individuals and businesses that receive junk faxes in violation of 47 U.S.C. § 227(b)(1)(C), a subsection of the TCPA. They take assignments of claimants' rights under the TCPA and pursue those claims in federal and state court. In these federal cases, Plaintiffs allege that the various Defendants-Appellees violated the TCPA by knowingly and willfully sending unsolicited advertisements by fax to the assignors, who are Colorado residents. Plaintiffs seek a $500 statutory award for each unsolicited fax, along

with a $1500 statutory award for each fax sent knowingly and willfully.  <u>See</u> <u>id.</u> §

227(b)(3).[1]

As previously stated, we consider six judgments on appeal.  All six are

based on orders containing similar rationales.  In the first order dismissing one of

the suits, <u>US Fax Law Center, Inc. v. iHire, Inc.</u>, 362 F. Supp. 2d 1248 (D. Colo.

2005), the district court determined that US Fax Law Center lacked

representational standing to assert TCPA claims because such claims are

unassignable under Colorado law.  <u>Id.</u> at 1253.  Specifically, the court held that

the claims are unassignable because they are "personal-injury privacy claims" and

penal in nature.  <u>Id.</u> at 1252-53.  In another order dismissing one of the suits,

<u>Consumer Crusade, Inc. v. Fairon & Associates., Inc.</u>, 379 F. Supp. 2d 1132 (D.

Colo. 2005), the district court found it lacked diversity jurisdiction over TCPA

claims.  <u>Id.</u> at 1136-37.  The other orders of dismissal rely on the grounds

enumerated in these first two orders.

---

[1] The complaints are unclear as to whether Plaintiffs request both the $500 and $1500 award for each fax.  However, the language of § 227(b)(3) states that the district court may "increase the amount of the award" from $500 to $1500 if a fax was sent "willfully or knowingly."  This suggests the awards cannot be cumulative.

<u>Discussion</u>

I.    Diversity Jurisdiction[2]

We review a dismissal for lack of subject-matter jurisdiction de novo.

<u>Johnson v. Rodriguez</u>, 226 F.3d 1103, 1107 (10th Cir. 2000).  In <u>Fairon</u>, the

district court below held that it lacked subject matter jurisdiction over the TCPA

claims because six federal circuit courts have concluded, based on § 227(b)(3) of

the TCPA, that Congress intended to preclude federal question jurisdiction over

TCPA claims.[3]  379 F. Supp. 2d at 1133.  The district court extended the

reasoning from the federal question cases to find that Congress also intended to

preclude diversity jurisdiction.  <u>Id.</u> at 1136-38.

Section 227(b)(3) states:

A person or entity may, if otherwise permitted by the laws or rules of
court of a State, bring in an appropriate state court of that State–

(A) an action based on violation of this subsection or the regulations
prescribed under this subsection to enjoin such violation,

---

[2]  At oral argument and in their briefs, the parties agree that the district
court erred in finding it lacked diversity jurisdiction.  Nevertheless, we must
continually examine "both [our] own jurisdiction and the jurisdiction of the
district court."  <u>Franklin Sav. Corp. v. United States</u>, 385 F.3d 1279, 1286 n.6
(10th Cir. 2004).

[3]  Plaintiffs do not assert federal question jurisdiction in their complaints or
on appeal.  Because we find diversity jurisdiction proper, we need not address
whether federal question jurisdiction is an alternate ground for subject matter
jurisdiction.

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b)(3).

Absent precedent from this circuit, the Fairon court relied on the federal question cases to conclude "that the exclusive forum for enforcement [of the TCPA] is the state courts [and] original jurisdiction in a federal court would appear to be precluded."[4] Id. at 1136 (emphasis added). Specifically, the court gave five reasons why the TCPA divests federal courts of diversity jurisdiction. First, it noted the "exclusive references to the state courts as the forums for adjudicating private TCPA actions [in §§ 227(b)(3) and (c)]." Id. at 1137. Second, it noted the "complete deference given to 'the laws or rules of court of a State' for bringing 'in an appropriate court of that State' a private TCPA action." Id. Third, it pointed to explicit recognition in congressional findings that

---

[4] The court also relied on Gottlieb v. Carnival Corp., 367 F. Supp. 2d 301 (E.D.N.Y. 2005), which applied the TCPA federal question cases in holding that there is no diversity jurisdiction over TCPA claims. After Fairon was decided, the Second Circuit reversed Gottlieb. See Gottlieb v. Carnival Corp., 436 F.3d 335 (2d Cir. 2006).

"telemarketers can evade state prohibitions through interstate operations without recognizing a federal forum for obtaining private relief in such circumstances . . . ." Id. (citation omitted). Fourth, it pointed to the TCPA's "exclusive grant of federal jurisdiction accorded parens patriae cases brought by a state [under § 227(f)(2)]." Id. Moreover, the court noted, Congress could have clarified the TCPA in its 2003 amendments to explicitly confer diversity jurisdiction, rectifying the holdings of the federal question cases which suggested that TCPA claims could be brought only in state court. Id. These facts, said the court, "lead to the conclusion that federal diversity jurisdiction was not extended to private claims by such legislation." Id.

The district court decided Fairon on July 28, 2005. Since that time, two circuit courts have addressed whether federal courts have jurisdiction over TCPA claims based on diversity. See Gottlieb v. Carnival Corp., 436 F.3d 335 (2d Cir. 2006); Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005). Prior to Gottlieb and Brill, the six circuit cases relied upon by the Fairon court all involved TCPA claims based on federal question jurisdiction. See Murphey v. Lanier, 204 F.3d 911 (9th Cir. 2000); Foxhall Realty Law Offices, Inc. v. Telecomm. Premium Servs., 156 F.3d 432 (2d Cir. 1998); ErieNet, Inc. v. Velocity Net, Inc., 156 F.3d 513 (3d Cir. 1998); Nicholson v. Hooters of Augusta, Inc., 136 F.3d 1287 (11th Cir. 1998); Int'l Science & Tech. Inst., Inc. v. Inacom

Commc'ns, Inc., 106 F.3d 1146 (4th Cir. 1997); Chair King, Inc. v. Houston
Cellular Corp., 131 F.3d 507 (5th Cir. 1997).

Gottlieb and Brill rejected extension of the reasoning from the TCPA
federal question cases to TCPA diversity cases. Both Gottlieb and Brill held that
plaintiffs can prosecute TCPA claims in federal court based on diversity, despite
the unanimous circuit decisions holding that no such suit may be maintained
based on federal question jurisdiction. See Gottlieb, 436 F.3d at 339
("Congress's failure to provide explicitly for concurrent jurisdiction in
§ 227(b)(3) has no bearing on its intent with respect to diversity jurisdiction.");
Brill, 427 F.3d at 450-52 (rejecting the reasoning of the six circuits and holding
that TCPA suits can be brought under either federal question jurisdiction or under
the minimal diversity requirements of the Class Action Fairness Act). A number
of district court cases also conclude that TCPA claims may be brought under
diversity jurisdiction. See Klein v. Vision Lab Telecomm. Inc., 399 F. Supp. 2d
528, 533 (S.D.N.Y. 2005) (collecting and analyzing TCPA diversity cases).

Diversity jurisdiction is based on a grant of jurisdictional authority from
Congress. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 167
(1939). Furthermore, it constitutes an independent basis for jurisdiction,
regardless of whether the underlying claim is federal in nature. See 28 U.S.C.
§ 1332(a)(1) (conferring jurisdiction based only on complete diversity of the
parties and a minimum amount in controversy). Thus, where some other basis for

-10-

federal jurisdiction is proscribed, diversity jurisdiction may still exist. <u>See</u>

<u>Horton v. Liberty Mut. Ins. Co.</u>, 367 U.S. 348, 352 (1961) (noting that

eliminating removal jurisdiction does not preclude diversity jurisdiction).

Accordingly, absent an explicit indication that Congress intended to create an

exception to diversity jurisdiction, one may not be created by implication.

<u>Ankenbrandt v. Richards</u>, 504 U.S. 689, 700 (1992).  This is different from

general federal question jurisdiction, which gives district courts original

jurisdiction unless a specific statute places jurisdiction elsewhere. <u>Inacom</u>

<u>Commc'n</u>, 106 F.3d at 1154.

   As the Second Circuit noted in <u>Gottlieb</u>, "[n]othing in § 227(b)(3), or in

any other provision of the statute, expressly divests federal courts of diversity

jurisdiction over private actions under the TCPA." <u>Gottlieb</u>, 426 F.3d at 338.

This fact alone is probably sufficient to demonstrate the presence of diversity

jurisdiction because "[diversity jurisdiction] is an independent grant of federal

jurisdiction . . . [that] is presumed to exist for all causes of action so long as the

statutory requirements are satisfied." <u>Id.</u> at 340.  Thus, diversity jurisdiction must

"be explicitly abrogated by Congress," <u>id.</u>, unless the diversity jurisdiction statute

and the TCPA are "irreconcilable," <u>see</u> <u>Colo. River Water Conserv. Dist. v.</u>

<u>United States</u>, 424 U.S. 800, 808 (1976).

   The diversity statute and the TCPA are not irreconcilable.  In fact,

<u>eliminating</u> diversity jurisdiction over TCPA claims would produce odd results.

For example, holding that the TCPA vests exclusive and total jurisdiction in state courts would "create the anomalous result that state law claims based on unlawful telephone calls could be brought in federal court, while federal TCPA claims based on those same calls could be heard only in state court." Kinder v. Citibank, No. 99-CV-2500, 2000 WL 1409762, at *4 (S.D. Cal. Sept. 14, 2000) (noting that this undermines the objective of supplemental jurisdiction).

Moreover, Congress's apparent purpose in divesting federal courts of federal question jurisdiction over TCPA claims was that small claims are best resolved in state courts designed to handle them. Chair King, 131 F.3d at 513 (citing the statement of Senator Hollings).  But, this purpose has little force in a diversity suit, which by definition involves an amount in controversy exceeding $75,000. Accounting Outsourcing, LLC v. Verizon Wireless Personal Commc'ns. L.P, 294 F. Supp. 2d 834, 840 (M.D. La. 2003).

We agree with the reasoning in Gottlieb and Brill on this point and reject the contrary conclusion of Fairon.  Because there is no express congressional intent to preempt diversity jurisdiction, and because the diversity jurisdiction statute and the TCPA are not irreconcilable, the district court erred in finding that Congress intended to preclude federal diversity jurisdiction over TCPA claims.

II.      The Assignability of TCPA Claims and Standing

A.      Colorado Law Governs Assignability

As a threshold matter, the district court in <u>iHire</u> determined that Colorado law governed the assignabilility of claims. <u>iHire</u>, 362 F. Supp. 2d at 1250-51. Although it was not clear from all the briefs, the parties disputed this conclusion at oral argument, with the Plaintiffs arguing that federal law should govern assignability. Because this conclusion is a question of law, we review it de novo. <u>See</u> <u>Dang v. UNUM Life Ins. Co. of Am.</u>, 175 F.3d 1186, 1189 (10th Cir. 1999).

In this case, the TCPA itself directs that Colorado law govern the matter of assignability. The statute states: "A person or entity may, <u>if otherwise permitted by the laws or rules of a court of a State</u>, bring in an appropriate court of that State [a TCPA claim]." 47 U.S.C. § 227(b)(3) (emphasis added). Thus, Congress expressly directed that federal courts apply substantive state law to determine which persons or entities may bring TCPA claims in federal court. This reference to state law encompasses the matter of assignability and directs that Colorado law should apply.

Even without the explicit language in the TCPA directing the use of state law, Colorado law would inevitably apply under general choice of law principles. Federal courts sitting in diversity typically apply the substantive law of the forum state. <u>Clark v. State Farm Mut. Auto. Ins. Co.</u>, 433 F.3d 703, 709 (10th Cir. 2005). This is not necessarily the case, however, when diversity jurisdiction is invoked to pursue a right created by federal law. <u>See, e.g.</u>, <u>Bluebird Partners, L.P. v. First Fidelity Bank, N.A.</u>, 85 F.3d 970, 973 (2d Cir. 1996). Instead,

-13-

"when the federal government has an articulable interest in the outcome of a dispute, federal law governs." <u>Howard v. Group. Hosp. Serv.</u>, 739 F.2d 1508, 1510 (10th Cir. 1984). This means that federal law will apply in diversity suits when "diverse resolutions of a controversy would frustrate the operations of a federal program, conflict with a specific national policy, or have some direct effect on the United States or its treasury." <u>Id.</u> (internal citations omitted).

In TCPA cases, the United States is not a party, and we are unaware of any federal program that could be frustrated. After all, assuming the circuit cases rejecting federal question jurisdiction for TCPA claims are accurate, the bulk of TCPA litigation has been shifted to the states where suits are brought by individuals. Federal courts would hear only those TCPA claims that qualify for diversity jurisdiction. Thus, federal law should only apply to determine the enforceability of the assignment if Colorado law on assignment would conflict with a specific national policy.

No corresponding national policy is apparent. Congress enacted the TCPA to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, automated telephone calls to the home and to facilitate interstate commerce by restricting certain uses of [fax] machines and automatic dialers." S. Rep. No. 102-178, at 1 (1991). The TCPA never mentions the assignability of claims, let alone suggests that the free assignability of claims is an important component of the TCPA. Consequently, allowing state law to

-14-

govern the assignability of TCPA claims does not conflict with any federal policy. Even if state law prevents assignment of TCPA claims, individuals harmed by unsolicited telephone calls or faxes are always free to bring suits themselves. Because this is merely a dispute between private parties, the "rights and duties of the United States" are not implicated. See Bank of Am. Nat'l Trust & Sav. Ass'n v. Parnell, 352 U.S. 29, 33 (1956). Nor is there any significant conflict between federal policy and state law. See Wallis v. Pan Am. Petroleum Corp., 384 U.S. 63, 68 (1966). Accordingly, Colorado law would govern the assignability of TCPA claims under a choice of law analysis as well.[5]

> B.   The Claims are Not Assignable Under Colorado Law Because They Are Personal In Nature

In iHire, the court determined that TCPA claims "amount to personal-injury privacy claims," and are penal in nature, and thus are unassignable under Colorado law. 363 F. Supp. 2d at 1252-53. Plaintiffs assert that the claims are

---

[5] Our conclusion would be the same even if federal law governed the assignability of claims because the content of federal law would be supplied by Colorado law. See United States v. Kimbell Foods Inc., 440 U.S. 715, 728 (1979). Under Kimbell, three factors are considered in determining whether state law should supply the content of federal law or whether a unique federal rule is needed. Those factors include: (1) the need for national uniformity, (2) whether adoption of state law would frustrate a federal objective, and (3) whether adoption of a federal rule would disrupt commercial relationships under state law. Id. at 728-29. As noted above, there is no pressing need for national uniformity because most TCPA litigation should arise in state courts. For this same reason, there is no federal objective to be undermined by incorporation of state law. Accordingly, there is no reason to supply a differing federal rule, where Colorado law already regulates the assignability of claims.

generally assignable under Colorado law, that TCPA claims are compensatory and not penal, and that they are essentially economic claims as opposed to privacy claims.  We review the district court's conclusions of state law de novo.  County of Santa Fe v. Public Serv. Co., 311 F.3d 1031, 1035 (10th Cir. 2002).

The Colorado Court of Appeals recently addressed the assignability of TCPA claims in McKenna v. Oliver, No. 05-CA-0298, 2006 WL 2564636 (Colo. Ct. App. Sept. 7, 2006).  The plaintiff in McKenna had been assigned several "unsolicited fax advertisement" claims and sought the same remedies as the Plaintiffs in this case.  Id. at *1.  The Colorado court reviewed the decision on assignability rendered in iHire.  The court refused to determine whether the sole purpose of the TCPA was to protect privacy rights.  See id. at *3 ("[W]e need not address whether the statute may have the dual purpose of preventing privacy rights and economic harm.").  Instead, the court held that because the plaintiff's complaint failed to assert economic harm, the claims were unassignable.  Id.[6]  The court held that "an action based upon the receipt of unsolicited faxes by individuals in violation of the TCPA is not assignable because such an action is in the nature of a violation of the right to privacy."  Id.

_____

[6] The plaintiff in McKenna alleged that unsolicited faxes were sent to the "Assignors' home or office facsimile machines."  Complaint at ¶ 2.4, McKenna v. Oliver, No. 03-CV-2099, (Colo. Dist. Ct., Boulder Co., Oct. 23, 2003).  The plaintiff sought the statutory award of $500 for each fax, $1500 for each fax sent willfully or knowingly, and injunctive relief.  Id. ¶ 6.0-6.1.

-16-

We note that the reasoning in McKenna has recently been followed by another panel of the Colorado Court of Appeals. See U.S. Fax Law Center, Inc. v. Myron, – P.3d –, No. 05-CA-1426, 2006 WL 3094074, at *1 (Colo. Ct. App. Nov. 2, 2006). Because there is no convincing evidence that the Colorado Supreme Court would hold otherwise, we elect to follow the decision of the Colorado Court of Appeals in McKenna and find that TCPA claims are unassignable because they are in the nature of personal-injury, privacy claims. See MidAmerica Constr. Mgmt. Inc. v. Mastec N. Am., Inc., 436 F.3d 1257, 1262 (10th Cir. 2006). Because this ground alone is sufficient to defeat the assignability of TCPA claims, we decline to address the district court's alternative holding that TCPA claims are unassignable because they are penal in nature.

C.     Plaintiff-Appellants Lack Standing

Because the underlying assignment of TCPA claims was invalid, the Plaintiff-Appellants lack standing. The "irreducible constitutional minimum" for standing requires that a plaintiff sustain an "injury in fact." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992). However, "the assignee of a claim has standing to assert the injury in fact suffered by the assignor." Vermont Agency of Natural Res. v. U.S. ex rel Stevens, 529 U.S. 765, 773 (2000). Because it determined that the underlying assignments were invalid, the iHire court held that the plaintiff in that case could not assert the injury in fact of the assignors. 362 F. Supp. 2d at 1253.

-17-

This conclusion is consistent with the premise of representational standing discussed in Vermont Agency. If a valid assignment confers standing, an invalid assignment defeats standing if the assignee has suffered no injury in fact himself. See, e.g., Texas Life, Accident, Health & Hosp. Serv. Ins. Guar. Ass'n v. Gaylord Entm't Co., 105 F.3d 210, 216 (5th Cir. 1997) (noting that if there is "no valid assignment" there is "no derivative standing"). Here, the Plaintiffs suffered no injury at all. They received no faxes from Defendants. Thus, there is no representational standing.

We therefore hold that diversity jurisdiction is available for TCPA claims, but AFFIRM the judgments of dismissal based upon lack of standing.[7]

---

[7] US Fax Law Center, Inc. v. iHire, No. 05-1325, presents the additional question of whether plaintiffs have standing to bring assigned claims for unsolicited faxes under the Colorado Consumer Protection Act (CCPA). The district court concluded that CCPA unsolicited fax claims, like TCPA claims, are unassignable and that US Fax Law Center lacked standing as a result. See U.S. Fax Law Center, Inc. v. iHire, 374 F. Supp. 2d 924, 929-30 (D. Colo. 2005). We affirm the district court's determination that CCPA claims are unassignable under Colorado law based on the reasoning in Myron. See 2006 WL 3094074, at *3.